Milton VARGAS, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 10–71630.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Dec. 28, 2012.

Nadeem H. Makada, Burlingame, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Daniel I. Smulow, Trial, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Milton Vargas, a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Farah v. Ashcroft,* 348 F.3d 1153,

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1156 (9th Cir.2003), and we deny the petition for review.

Vargas claims he experienced past persecution and fears future persecution because of threats he received while working for the Christian Democratic Party between 1989 and 1992. Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in the record regarding who Vargas campaigned for and when his candidate won the election, *see id.*, and his untruthful statement that he did not make a return trip to Guatemala in 1999 after leaving in 1992, *see Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir.2011) ("An asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story."). In the absence of credible testimony, Vargas' asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156.

Vargas' CAT claim also fails because it is based on the same testimony found not credible, and he points to no other evidence demonstrating it is more likely than not he would be tortured if returned to Guatemala. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.